JOHN H. FREDERICK, executor, complainant,

*v.*

NELLIE WENDLER et al., defendants.

[Decided October 22d, 1924.]

**Wills—Construction of Residuary Clause in Which Surviving Children are Mentioned, but No Mention of Heirs of Deceased Daughter—Such Heirs Have No Interest in Residuary Estate.**

On final hearing.

*Mr. C. Addison Swift* and *Mr. Martin P. O'Connor,* for the complainants.

*Mr. Abe J. David,* for the defendant Peal.

BUCHANAN, V. C.

The bill is for the construction of the residuary clause of the will of complainant's testator, whereby testator gives the residuary estate "to my children, John H., Nellie, Bertha, Charles L. and Eva, to be divided between them equally, share and share alike, and to the child or children of any deceased child, the share of his, her or their parent." In addition to the named children—all of whom survived testator, and are still living—testator had had another daughter, Louise, who had died a number of years prior to the execution of the will, leaving two children, Elmer and Ernest Peal. The question is whether the Peal children have a share in the residuary estate.

I conclude that they have no such interest. The gift is to the five named children; the subsequent clause is a general clause referring only to the shares of those five children,

and providing only for future contingencies, not for the fact which had theretofore happened. The grandchildren take (if anything) *"the share"* of their respective parents—only the five children were given shares, not Louise, nor her children, hence, there is no share of the parent of the Peals.

Moreover, testator, by the first paragraph of the will, gave to each of the Peal children $300. He made no such gift to any other grandchildren, nor to anyone else except his wife. These two gifts and the residuary clause complete the testamentary dispositions.

The conclusion is only strengthened if consideration be given to the testimony as to the actual relations of the testator and the Peal children with each other, and if the difference between the present will and a prior will are considered.

The litigation was justified, and the costs of both parties may be paid from the estate.